UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL EDWIN PEARSON,<br><br>Defendant. | Criminal No. 15-117 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Carol M. Kayser, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 404 Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN 55101, for plaintiff.

Robert W. Owens, Jr., **OWENS LAW, L.L.C.**, 5270 West 84th Street, Suite 300, Bloomington, MN 55437, for defendant.

The defendant Michael Edwin Pearson has objected to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Tony N. Leung on September 2, 2015. (Report & Recommendation ("R&R"), Sept. 2, 2015, Docket No. 62.) The Magistrate Judge recommended that the Court deny Pearson's motions to suppress, dismiss, and sever. Because Pearson's objections to the R&R are lacking in the specificity that would allow the Court to focus its inquiry, and finding no error in the Magistrate Judge's reasoning, the Court adopts the R&R and denies Pearson's motions.

# BACKGROUND[1]

Defendant is charged with five counts of receipt of child pornography under 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B).[2] (Indictment, Apr. 15, 2015, Docket No. 12.) The charges stem from an investigation involving Officer Hanson, a member of the Internet Crimes Against Children Task Force. (Tr. of Mots. Hr'g ("Tr.") at 21-22, July 2, 2015, Docket No. 49.) Using law enforcement software, Officer Hanson downloaded child pornography from an Internet Protocol address later tracked to Pearson's residence in Minneapolis. (*Id.* at 25-29.) Officer Hanson and other officers executed a search warrant at the residence on February 5, 2015, and Officer Hanson interviewed Pearson. (*Id.* at 23.) Officer Hanson read Pearson his *Miranda* rights. (Government's Consolidated Resp. to Def.'s Pre-Trial Mots. ("Gov.'s Resp."), Ex. 3 ("Ex. 3") at 2, May 21, 2015, Docket No. 41.) Pearson stated that he was on medication for his stroke, but he twice indicated that he understood his rights. (*Id.*) Pearson then admitted that he had downloaded child pornography and answered Officer Hanson's questions about his actions. (*Id.*) Pearson was arrested and charged with receiving and possessing child pornography. (*Id.*, Ex. 2 at 2.)

---

[1] The R&R provides a detailed recitation of the facts relevant to these motions. The Court will recount the facts here only to the extent necessary to provide context for this decision.

[2] The indictment also references 18 U.S.C. § 2252(b)(1) and (2), which increase the sentence for the charged crimes based on the defendant's prior convictions. (*See* Indictment.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### II.  PEARSON'S OBJECTIONS

On May 14, 2015, Pearson filed four motions that are now before the Court. First, Pearson moved to dismiss Counts 1-5 on the grounds that § 2252 is void for vagueness. (Mot. to Dismiss Counts 1-5, May 14, 2015, Docket No. 39.) Second, Pearson moved to sever counts, claiming that they were improperly joined and would cause confusion.

(Mot. to Sever Counts, May 14, 2015, Docket No. 37.)  Third, Pearson moved to suppress evidence, claiming that the search warrant was improperly issued without sufficient probable cause.  (Mot. to Suppress Evid., May 14, 2015, Docket No. 34.)   Finally, Pearson moved to suppress his statements on the grounds that he did not knowingly and voluntarily waive his *Miranda* rights.  (Mot. to Suppress Statements, May 14, 2015, Docket No. 36.)

The Magistrate Judge recommended that the Court deny all four of Pearson's motions.  Pearson objected to the Magistrate Judge's R&R.  (Obj. to R&R, Sept. 16, 2015, Docket No. 63.)  Pearson does not however identify any specific portions of the R&R to which he objects; rather, his one-paragraph filing objects generally to the R&R as a whole.  (*Id.*)  "The district court need not conduct *de novo* review when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."  *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (internal alterations omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.").  Because Pearson's objections do not specify particular errors in the Magistrate Judge's R&R, the Court reviews for clear error.

     A.     **Motion to Dismiss Counts 1-5**

Pearson moved to dismiss Counts 1-5, which are based on receiving child pornography.  He argued that because "possession" and "receipt" of child pornography

essentially describe the same conduct, the statute was void for vagueness, led to absurd results, and that under the rule of lenity, he should have been charged with the lesser offense.  (Def.'s Mem. in Supp. of Mot. to Dismiss Counts 1-5 at 2-6, July 22, 2015, Docket 55.)

To survive a due-process vagueness challenge, a statute must "provide adequate notice of the proscribed conduct, and . . . not lend itself to arbitrary enforcement." *United States v. Barraza*, 576 F.3d 798, 806 (8th Cir. 2009).  While Pearson argued that an individual would not know if downloading child pornography would result in a charge of receipt or a charge of possession, the statute still provides adequate notice because the individual would know whether the conduct was unlawful.  *See United States v. Birbragher*, 603 F.3d 478, 484-85 (8th Cir. 2010) (a provision is void for vagueness "where one could not reasonably understand that his contemplated conduct is proscribed").

Pearson also argued that the overlap between the two provisions results in the possibility of arbitrary enforcement.  The Eighth Circuit has found that because possession of child pornography is a lesser-included offense of receipt of child pornography, convictions of both possessing and receiving the same images violates the Double Jeopardy Clause by resulting from the "same act or transaction" under *Blockburger v. United States*.  *United States v. Muhlenbruch*, 634 F.3d 987, 1003-04 (8th Cir. 2011). However, Pearson's receipt and possession charges stem from different images and instances; thus, while based on the same type of conduct, they do not result from the "same act or transaction." Instead, Pearson argued that § 2252 results in

arbitrary enforcement because the Government can choose to charge an individual with either possession, which carries a lower sentence, or receipt, which carries a higher sentence, based on the same conduct.  (*See* Def.'s Mem. in Supp. of Mot. to Dismiss at 6.)  Prosecutorial discretion in making charging decisions is well-recognized.  *See United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001) ("Prosecutors have broad discretion when making charging decisions."); *United States v. Derezinski*, 945 F.2d 1006, 1010 (8th Cir. 1991) ("[I]t is well settled that when conduct violates more than one criminal statute, the Government may choose which statute it will apply.")  Accordingly, the Magistrate Judge reasoned that the fact "[t]hat the alleged conduct constituting receipt of child pornography under § 2252(a)(2) in Counts 1 through 5 would also constitute possession of child pornography under § 2252(a)(4)(B) does not render the Government's decision to charge [Pearson] with receipt . . . and its accompanying increased penalties arbitrary."  (R&R at 7.)  The Court finds no clear error in the Magistrate Judge's assessment and denies Pearson's motion to dismiss.[3]

### B.  Motion to Suppress Statements, Admissions, and Answers

Next, Pearson argued that he did not knowingly and intelligently waive his *Miranda* rights because the officer failed to specifically inquire whether he wished to waive his rights and based on his difficulty comprehending and communicating due to his

---

[3] The Court also finds no error in the Magistrate Judge's decision not to discuss Pearson's rule of lenity argument because the statute is not vague or ambiguous as to which conduct is prohibited.  (R&R at 9 n.4 (citing *United States v. Smith*, 756 F.3d 1070, 1075 (8th Cir. 2014) ("Grievous ambiguity or uncertainty necessary to invoke lenity requires more than the simple existence of some statutory ambiguity because most statutes are ambiguous to some degree.")).)

stroke. (Def.'s Mem. in Supp. of Mot. to Suppress Statements at 2-3, July 22, 2015, Docket No. 56.) Waiver of *Miranda* rights must be knowing and voluntary, but need not be explicit. *See Berguis v. Thompkins*, 560 U.S. 370, 382 (2010) (finding that waiver must be "voluntary," meaning freely given, and "knowing," meaning with understanding of the right given up and the consequences); *United States v. Mandujano*, No. 3-178(2), 2003 WL 22076577, at *4 (D. Minn. Aug. 22, 2003) ("Waiver can be inferred by conduct, and a willingness to answer questions after acknowledging *Miranda* rights is sufficient to constitute an implied waiver.")

As noted by the Magistrate Judge, there was no evidence of intimidation or coercion suggesting involuntary waiver. (R&R at 23-24.) Similarly, even with Pearson's diminished capacity due to his stroke, the Court finds that Pearson understood his rights. Pearson confirmed twice that he knew his rights, both before and after they were read to him. (Ex. 3 at 2.) Additionally, he was familiar with the criminal justice system due to his prior conviction in Florida, and he demonstrated this familiarity by recognizing that he was facing arrest and the implication of arrest on his parole. (*Id.* (stating that Pearson responded to Officer Hanson saying he was not under arrest by remarking, "I will be," and later noting that he was almost done with probation).) This case is distinguishable from *United States v. Garibay*, in which the defendant spoke very little English and had a very low IQ. 143 F.3d 534, 537-39 (9th Cir. 1998). The defendant in that case had trouble understanding his conversation with the law enforcement officer in question, and the facts surrounding his interrogation indicated he did not understand his rights. *Id.* at 539. While Pearson demonstrated some trouble communicating, there is no indication

that he did not understand his rights or the conversation with Officer Hanson. Accordingly, the Court finds no error in the Magistrate Judge's conclusion that Pearson knowingly and voluntarily waived his *Miranda* rights. His statements will therefore not be suppressed.

### C.     Motion to Suppress Evidence

As for Pearson's motion to suppress evidence, defense counsel admitted that it was a boilerplate motion. (Tr. at 11 ("[I]t is a boilerplate motion.").) Defense counsel failed to identify any specific basis for the motion, even after the Magistrate Judge requested that he do so. (*Id.* at 14 (instructing defense counsel to either identify a specific issue in his responsive pleading or withdraw the motion); Letter to Magistrate Judge, July 22, 2015, Docket No. 57 (stating that defense counsel would not be submitting a memorandum in support of his motion to suppress evidence).) The Magistrate Judge therefore did not commit clear error in suggesting denial of Pearson's motion to suppress evidence as Pearson failed to provide any support for his motion. *United States v. Rosetter*, No.10-83, 2010 WL 5184991, at *23 (D. Minn. Oct. 1, 2010) ("Failure to provide the Court with any support for the motion is a sufficient basis for denial of the motion."). Additionally, the Court finds no clear error in the Magistrate Judge's conclusion that probable cause supported the warrant. (R&R at 19-20 (describing the affidavit and suggesting that it "created a fair probability that contraband would be found on computers at the Minneapolis address").)

### D.  Motion to Sever

Pearson's motion to sever was another boilerplate motion with no supporting memorandum.  The motion generally stated that the counts are not properly joined, that joining the claims jeopardizes Pearson's Fifth Amendment rights and would cause confusion, among other arguments.  (Mot. to Sever.)   Again, defense counsel suggested that he might file a memorandum with regard to his motion to sever, but then declined to do so.  (Tr. at 18; Letter to Magistrate Judge.)  While the motion itself did not state which counts Pearson requested to sever, defense counsel suggested at the hearing that he was seeking severance of the possession count from the receipt counts.  (Mot. to Sever; Tr. at 18.)  The Government opposed the motion, arguing that there was no cause to sever because the evidence to be offered at trial – including the computer equipment and witness testimony – would be the same for both the possession and the receipt charges, and that the offenses were linked by time and place.  (Gov.'s Resp. at 13.)

The Court finds no clear error in the Magistrate Judge's conclusion that Pearson's motion could be denied based on a lack of support. *See United States v. Geddes*, No. 14-394, 2015 WL 671974, at *3 (D. Minn. Feb. 17, 2015) ("Defendant's conclusory, unsupported motion is insufficient to sustain his burden to demonstrate that severance is warranted.").  The Court also finds that joinder in this case is proper under Rule 8(a) and that severance is not warranted under Rule 14.  Fed. R. Crim. P. 8(a) (stating joinder is proper if offenses "are of the same or similar character, . . . based on the same act or transaction, or . . . connected with or constitute parts of a common scheme or plan"); Fed. R. Crim. P. 14 (stating severance is proper when joinder "appears to prejudice a

defendant or the government"). In this case, all of the counts are of the same or similar character as they all involve nearly identical conduct: possessing or accessing child pornography. *See United States v. Reynolds*, 720 F.3d 665, 670 (8th Cir. 2013) ("The charges of enticement of a minor to engage in illicit sexual activities, receiving child pornography, and production of child pornography are of the same or similar character because they show [the defendant's] predisposition to abnormal sexual attraction.") Similarly, while the underlying conduct took place over a span of approximately three years, the conduct was discovered at the same time; therefore, the evidence used at trial for each count would largely overlap. Finding no reason that Pearson would be prejudiced by a joint trial of all counts, and as he has not provided the Court with any support for his motion, the Court finds that joinder is proper. Accordingly, the Court will deny Pearson's motion to sever.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Pearson's objections [Docket No. 63] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 62]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 34] is **DENIED**.

2. Defendant's Motion to Suppress Statements, Admissions and Answers [Docket No. 36] is **DENIED**.

3. Defendant's Motion to Sever Counts [Docket No. 37] is **DENIED**.

4. Defendant's Motion to Dismiss Counts 1-5 [Docket No. 39] is **DENIED**.

DATED: October 23, 2015　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court